UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL J. LUZZI, <br><br> Plaintiff, <br><br> v. <br><br> M3 FINANCIAL SERVICES, INC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 1:19-cv-06974 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Daniel J. Luzzi ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, M3 Financial Services, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Northern District of Illinois, Defendant conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

1

## PARTIES

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Northern District of Illinois.

5. Defendant is a third-party debt collection agency headquartered at 4415 Harrison Street, Suite 300, Hillside, Illinois 60162. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Illinois.

## FACTS SUPPORTING CAUSE OF ACTION

6. In 2013, Plaintiff's minor children received medical care at the University of Chicago Medical Center ("UCMC").

7. Plaintiff defaulted on the UCMC account, thus incurring debt ("subject debt").

8. Subsequently thereafter, Defendant acquired the right to collect on the subject debt while it was in default.

9. On October 9, 2019, Defendant called Plaintiff's cellular telephone and left a voicemail.

10. In the voicemail, a representative for Defendant stated that it was attempting to reach Plaintiff and his son, that this was the final attempt to contact Plaintiff, and if Plaintiff does not call back immediately, the subject debt will appear on his credit report.

11. Plaintiff was perplexed because Defendant never identified itself or gave any information about the debt it was attempting to collect.[1]

12. Furthermore, Plaintiff had never received any calls, voicemails, or letters from Defendant prior to the October 9, 2019 voicemail, so he was confused about Defendant's statement that it was its final attempt to contact him.

---

[1] Plaintiff was forced to search the internet with Defendant's phone number to ascertain who was calling him and for what. Defendant used the telephone number (708) 632-5628.

13. At no time did Defendant send Plaintiff any correspondences notifying him of his rights pursuant to 15 U.S.C. §1692g. Specifically, Plaintiff never received any correspondences from Defendant, as it was required to send Plaintiff within 5 days of the initial communication beginning on October 9, 2019.

14. On October 16, 2019, Defendant placed another voicemail to Plaintiff's cellular phone and left a nearly identical voicemail, but this time Defendant stated that it was attempting to reach Plaintiff and his daughter.

15. Once again, Defendant failed to identify itself leaving Plaintiff bewildered. Defendant again reiterated that if it does not receive a call back immediately, it would report the subject debt on his credit reports.

16. At no time has Defendant reported any information on any of Plaintiff's credit reports.

17. Plaintiff felt confused and worried about the voicemails, and consequently placed a call to Defendant to determine why he was receiving these phone calls.

18. Plaintiff spoke with a representative for Defendant who verified that the debt is for a UCMC bill for medical services his daughter received on three separate occasions in 2013. Defendant's representative further stated that Plaintiff is the guarantor of the debt and immediate payment is required or it will report the subject debt on his credit reports.

## DAMAGES

19. Defendant's misleading and deceptive collection conduct has severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, harassing, and misleading collection efforts.

21. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, emotional distress, aggravation that accompanies unsolicited debt collection efforts, harassment, emotional distress, anxiety, and loss of concentration.

22. Moreover, Plaintiff expended time and money attempting to research the identity of Defendant and to purchase credit reports he otherwise would not have needed.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 21 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

4

31. Defendant violated 15 U.S.C. §§1692d(6), e, e(5), e(10), f and g through its unlawful debt collection practices.

### a. Violations of FDCPA § 1692d

32. Defendant violated §1692d(6) by failing to identify itself in each voicemail it left for Plaintiff. This left Plaintiff feeling confused and worried because he did not know who was calling him or why they were calling.

### b. Violations of FDCPA § 1692e

33. Defendant violated §1692e, §1692e(5), and §1692e(10) by engaging in deceptive and misleading conduct when it left Plaintiff multiple voicemails without disclosing its identity. Defendant purposely left pertinent information out of the voicemail in hopes of confusing and worrying Plaintiff so he would call back and pay off the subject debt.

34. Moreover, Defendant's false threats of reporting information to the credit bureaus was deceptive and misleading as Defendant had no intention of ever reporting any information on Plaintiff's credit reports. These false threats were merely used to induce payment on the subject debt. Despite Defendant's false threats, through the present day, Defendant has not reported any information on Plaintiff's credit reports regarding the subject debt.

### c. Violations of FDCPA § 1692f

35. Defendant violated §1692f by engaging in unfair means in an attempt to collect on the subject debt. Defendant's deceptive communications to Plaintiff were nothing more than a thinly veiled attempt to cause Plaintiff such worry that he would call and make a payment on the subject debt.

### d. Violations of FDCPA § 1692g

36. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication on October 9, 2019.

37. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to §1692g.

38. As pled above, Plaintiff was severely harmed by Defendant's conduct.

39. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through deceptive and misleading practices.

40. Upon information and belief, Defendant systematically places unsolicited and deceptive debt collection calls to consumers in Illinois in order to aggressively collect debts in default or not owed to increase its profitability at the consumers' expense.

**WHEREFORE**, Plaintiff DANIEL J. LUZZI respectfully requests that this Honorable Court:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff restates and realleges paragraphs 1 through 40 as though fully set forth herein.

42. The Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

43. Plaintiff is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/(c) and (e) respectively.

44. Defendant is engaged in commerce in the State of Illinois with regard to Plaintiff and the alleged debt. Defendant specializes in debt collection, which is an activity within the stream of commerce and utilized in its regular course of business.

45. Defendant violated 815 ILCS 505/2 by engaging in unfair and deceptive acts in its attempts to collect the alleged debt from Plaintiff personally.

    **a. Unfairness and Deception**

46. It was unfair and deceptive for Defendant to mislead Plaintiff by failing to state who it was or why it was calling in multiple voicemails it left for Plaintiff on his cellular phone. Defendant's conduct was unfair and deceptive because Defendant purposely left out pertinent information to scare Plaintiff into calling back the phone number left in the voicemail and making a payment on the alleged subject debt.

47. Moreover, Defendant's false threats of reporting information to the credit bureaus was deceptive and unfair as Defendant had no intention of ever reporting any information on Plaintiff's credit reports. These false threats were merely used to induce payment on the subject debt. Despite

7

Defendant's false threats, through the present day, Defendant has not reported any information on Plaintiff's credit reports regarding the subject debt.

48. Defendant's unfair and deceptive conduct is against public policy because it needlessly subjects consumers to misleading information.

49. Upon information and belief, Defendant systematically misleads consumers in Illinois in order to aggressively collect debts in default or assumed to be in default to increase its profitability at the consumers' expense.

50. Additionally, Defendant's unlawful and unfair debt collection efforts gives it an unfair competitive advantage over businesses that collect debts lawfully.

51. As alleged above, Plaintiff was substantially harmed by Defendant's misconduct.

52. Specifically, Plaintiff expended time and money attempting to research the identity of Defendant and to purchase credit reports he otherwise would not have needed.

**WHEREFORE**, Plaintiff DANIEL LUZZI, requests that this Honorable Court:

   a. Enter judgment in Plaintiff's favor and against Defendant;
   b. Award Plaintiff actual damages in an amount to be determined at trial;
   c. Award Plaintiff punitive damages in an amount to be determined at trial;
   d. Award Plaintiff reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and
   e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: October 22, 2019                              Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com
